**In the United States District Court**
**for the District of Minnesota**
**Sixth Division**

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

Civil No. 00-1036 (ADM/RLE)

Christina Krueger,

Plaintiff,

v.

St. Mary's EMS, Inc., and St. Mary's Regional Health Center,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## STIPULATION

**WHEREAS**, the plaintiff and defendant desire to expedite and facilitate the discovery process in this action; and

**WHEREAS**, the plaintiff and defendant are sensitive to the potentially confidential nature of certain information contained in some of defendant's discovery materials requested by plaintiff including, without limitation, information concerning employees not a party to this lawsuit.

**NOW, THEREFORE**, it is stipulated and agreed among the parties, by their counsel, as follows:

1. The Court may issue the Protective Order set forth at the end of this document upon the ex-parte application of any party to this Stipulation.

2. All documents and reports, including information pertaining to employee issues, whether produced by the defendant or obtained by plaintiff pursuant to the defendant's authorization,

MAR 15 2001

10 11

AEA

shall be deemed confidential, shall be used only for purposes of this litigation and for no other purpose, and shall not be disclosed in any form to any person without further order of the Court, except that said information may be disclosed to the following:

(a) counsel and such of their staff and employees who are directly involved in the preparation or trial of this case;

(b) experts and/or consultants retained by the parties;

(c) court reporters employed for depositions where confidential documents are referred to by a deponent-witness; and

(d) the court, its personnel, and any jurors empaneled.

3. All documents and reports of any kind, and any and all copies thereof disclosed to any person described above, shall be returned to defendant within a reasonable time after the final disposition of this action.

4. Prior to any disclosure of such documents and reports to any expert or consultant pursuant to paragraph 2(b) above, the expert or consultant shall agree in writing to be bound by the terms of this Order, and a copy of said written agreement shall be provided to the defendant's attorney within ten (10) days of such agreement.

5. Under no circumstances shall the plaintiff be provided copies of any of the defendant's documents or reports, or any portion thereof, but the plaintiff's attorneys of record shall be permitted to discuss generally with the plaintiff the contents thereof, but only with that level of specificity which, in good-faith judgment of plaintiff's counsel of record, is necessary to enable the plaintiff to prepare its case, formulate or respond to settlement proposals, or otherwise conduct and participate in this litigation.

6. The foregoing provisions are without prejudice to the right of any party to apply to the court for any further protective order relating to confidential documents or information, for an

order compelling production of documents, or for modification of this Stipulation and Protective Order, or for an order permitting the disclosure of any confidential documents or information beyond the terms of this Order.

**Dated:** March 12, 2001.

**OHNSTAD TWICHELL, P.C.**

By [signature]

Thomas D. Fiebiger, Esq.
15 Broadway, Suite 206
Fargo, ND 58102-4907
Telephone:
*Attorney for Plaintiff*

**Dated:** Feb 22, 2001.

**JOHNSON, KILLEN & SEILER, P.A.**

By [signature]

Sally L. Tarnowski #178275
Laura J. Schacht #251070
800 Wells Fargo Center
230 West Superior Street
Duluth, Minnesota 55802
Telephone: (218) 722-6331
*Attorneys for Defendant*

# PROTECTIVE ORDER

**SO ORDERED.**

**BY THE COURT:**

**Dated:** 3/15, 2001.

Raymond L. Erickson

~~District Court~~ Judge
MAGISTRATE